Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHN EMANUELE,                                    Case No.: 18-cv-4686

                Plaintiff,                **ECF CASE**

      v.                                               **COMPLAINT AND JURY DEMAND**
                                                          **FOR DAMAGES FOR COPYRIGHT**
RANCH FOR KIDS PROJECT, INC.,                    **INFRINGEMENT**

                Defendant.
---------------------------------------------------------------x

      Plaintiff JOHN EMANUELE, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant RANCH FOR KIDS, INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act").  Plaintiff alleges below, upon personal knowledge as to himself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

      2.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. RFK directs advertisements toward New York. **Exhibit 3** is a testimonial of a New York couple that received advertisements for RFK in New York and paid RFK from New York to have their child attend RFK.

4. RFK is a nationally, and internationally recognized facility (albeit that recognition is often negative). One article describes RFK as: "the Ranch for Kids Project has gained national and global attention since opening in 1999 through coverage in news outlets such as CNN, New York Times, Los Angeles Times and Newsweek." See https://flatheadbeacon.com/2012/08/01/russian-government-faces-off-with-eureka-adoption-ranch/.

5. There are hundreds of kids at the RFK, many of them Russian children from New York.

6. This Court has *in personam* jurisdiction over the Defendants because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction, by publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade. Upon information and belief, RFK generates the majority of its revenue from New York state.

## This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)

7. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

8.  Defendant RFK synchronized, reproduced, and distributed the Subject Advertisements through websites like YouTube.  This is a tort (copyright infringement) committed without the state.

9.  The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

10. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

11. Defendant was expressly told there was no license for any use in September 2017.  Defendant ignored the notice and continued to synchronize and distribute plaintiff's Copyrighted Composition without a license.  Clearly, defendant knew its acts would have consequences in this Judicial District.

12. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

**PARTIES**

13. Plaintiff JOHN EMANUELE is an individual residing in Flushing, New York.

14. Upon information and belief, defendant RANCH FOR KIDS PROJECT, INC. ("RFK") is not for profit corporation organized under the laws of Montana.  RFK has a principal place of business located at 144 Gateway Street, Rexford, MT 59930.

## FACTS

15. Plaintiff is the sole beneficial owner of an original musical work titled *Blurry Morning Glance*, which is identified in Copyright Registration No. SR 677-965 attached as **Exhibit 1** (the "Copyrighted Composition").

16. Defendant RFK is a care home for troubled youths which has been described as: "a respite care home where adoptive parents can send their foreign charges for care and schooling if they are troubled or disturbed." See http://www.dailymail.co.uk/news/article-2172271/Ranch-For-Kids-Bizarre-stunt-Russian-politician-shut-Montana-ranch-claims-trash-can.html.

17. RFK produced a promotional advertisement for itself, synchronizing plaintiff's Copyrighted Composition without a synchronization, sound recording, or publishing license (the "Subject Advertisement").

18. RFK then caused the work to be transmitted to the public for performance on its YouTube page found at <https://www.youtube.com/watch?v=L0_p3xaYefw>, where any visitor to the website could view the promotional advertisement without restriction.

19. Plaintiff made a demand to remove the video via RFK's website contact form; RFK ignored the demand.

20. On or about August 2, 2017, RFK was contacted by counsel for plaintiff, and a request to resolve this matter pre-litigation was made; defendant RFK elected to ignore the second request. Attached as **Exhibit 3** is the Cease and Desist to RFK.

21. RFK actions fall squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

22. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

23. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

24. Defendant without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video embodying plaintiff's Copyrighted Composition.

25. Defendant refused to produce a license.

26. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 20, 2018  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)

6